IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

THE GRAY INSURANCE COMPANY,

    Plaintiff,

v.                                            Case No.:

WIRETEK SOLUTIONS, LLC,
MAXINE HALL AND STANLEY HALL

    Defendants.
_____/

## COMPLAINT

Plaintiff, The Gray Insurance Company ("Gray"), by and through its undersigned counsel, sues Defendants, Wiretek Solutions, LLC ("Wiretek"), Maxine Hall and Stanley Hall, and alleges:

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over the parties pursuant to 28 U.S.C. §1332(a) because Plaintiff and Defendants are citizens of diverse states.

2. Gray is a Louisiana Corporation, which was incorporated in Louisiana, and maintains its principal place of business in Louisiana. Gray is authorized to conduct business in Florida.

3. Defendant, Wiretek, is a Florida limited liability company which was organized in Florida, and maintains its principal place of business in Florida. Upon belief, Wiretek is principally located in West Palm Beach, Florida.

4. On information and belief, the members of Wiretek are Maxine Hall and Stanley Hall.

5. Upon information and belief, Defendant Maxine Hall ("Mrs. Hall") is a resident and citizen of Florida residing in West Palm Beach, Florida.

6. Upon information and belief, Defendant Stanley Hall ("Mr. Hall") is a resident and citizen of Florida residing in West Palm Beach, Florida.

7. The causes of action alleged herein fall within the jurisdictional limits of the Court because Gray seeks to recover more than $75,000.00 from the Defendants.

8. Venue is appropriate in this Court because one or more of the Defendants either reside in or have their principal place of business within the boundaries of the Southern District of Florida, and because one or more Defendants reside in or have their principal place of business located in one of the counties within the province of the West Palm Beach Division of this Court.

## GENERAL ALLEGATIONS

9. Gray is, among other things, a surety company that issues payment and performance bonds and stands as surety for selected contractors.

10. At all pertinent times, Wiretek was an electrical contractor performing work in South Florida. In connection with its work, Wiretek from time to time required surety payment and performance bonds.

11. To induce Gray to issue payment and performance bonds on its behalf, Wiretek, and the individual Defendants executed a General Indemnity Agreement

("Indemnity Agreement") in favor of Gray dated November 3, 2020. A copy of the Indemnity Agreement is attached hereto and incorporated herein as **Exhibit "A."**

12. The execution of the Indemnity Agreement, and the Indemnitors' undertaking of the various responsibilities and obligations contained therein, were absolute conditions precedent and prerequisites to Gray issuing any bonds naming Wiretek as a principal.

13. According to the Indemnity Agreement, the Indemnitors agreed, among other things, to:

> 2. **Indemnity/Exoneration**: The Indemnitors jointly, severally and/or collectively shall exonerate, indemnify, hold harmless and keep the Surety indemnified from and against any and all Loss, liability, damages and expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) sounding in contract, tort or otherwise, which the Surety may sustain and incur: (a) by reason of having executed, delivered, or procured the execution of Bonds, or the renewal or continuation thereof, on behalf of any of the Indemnitors; (b) by reason of the failure of the Indemnitors to perform or comply with any of the covenants and conditions of this Agreement, or the failure of the Indemnitors to discharge any obligations under this Agreement; (c) in enforcing any of the terms, covenants or conditions of this Agreement; or (d) in pursuing reimbursement for any Loss incurred hereunder.
>
> Payment by reason of the aforesaid causes shall be made to the Surety by the Indemnitors, upon demand by the Surety, as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefore. The amount of such payment to the Surety by the Indemnitors shall be determined by the Surety and the Surety's demand for payment hereunder may, at the Surety's option, be in addition to and not in lieu of or substitution for any other collateral that may have been previously deposited with Surety by or on behalf of the Indemnitors.
>
> The Surety shall have the right to use the payment, or any part thereof, in payment or settlement of any claim, Loss, expense or liability asserted for which the Indemnitors would be obligated to indemnify the Surety under the terms of this Agreement. The Surety shall have no obligation to invert or to

provide a return on the payment or any other collateral deposited with the Surety. The Indemnitors shall be entitled to the refund of any unused portion upon termination of the liability of the Surety on all Bonds and the performance by the Indemnitors of all obligations to the Surety under the terms of this Agreement. The Surety's demand shall be sufficient if sent by regular mail or certified mail or by facsimile transmission to the Indemnitors at the addresses of the Indemnitors last known to the Surety, regardless of whether such demand is actually received.

The Indemnitors acknowledge that the failure of the Indemnitors to deposit with the Surety the sum demanded by the Surety as payment, immediately upon demand, shall cause irreparable harm to the Surety for which the Surety has no adequate remedy at law. The Indemnitors agree that the Surety shall be entitled to injunctive relief for specific performance of any or all of the obligations of the Indemnitors under this Agreement, including the obligation to pay to the Surety the sum demanded, and hereby waive any claims or defenses to the contrary.

In the event of payment of any kind by the Surety, the Indemnitors further agree that in any accounting between the Surety and the Indemnitors, the Indemnitors shall be liable to the Surety for all payments, plus interest thereon at the maximum rate permitted by law, from the date such payments are made by the Surety in belief that the Surety is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient for the Surety to make such disbursements, whether or not such liability, necessity, or expediency existed. An itemized statement by an employee of such Surety, or other evidence of such payments, including records of any nature maintained by the Surety in the ordinary course of business, shall be prima facie evidence of the existence and extent of the liability of the Indemnitors to the Surety.

14.     At the Indemnitors' request and in consideration for their promise to comply with the terms of the Indemnity Agreement, Gray issued a Performance Bond and Payment Bond (collectively the "Bond") naming Zahlene Enterprises, LLC ("Zahlene") as obligee and Wiretek as principal in connection with a Subcontract (the "Subcontract") for Wiretek to perform certain electrical work on a project referred to as "Contract No. E4T70 -Miramar Blvd. and Hiatus Road – Park & Ride Lots" (the "Project") where

Zahlene was acting as the general contractor. A copy of the Bond is attached as **Exhibit "B."**

15. Wiretek encountered difficulties completing the Subcontract and requested financial assistance from Gray. At the request of the Indemnitors and pursuant to a Limited Financing Agreement executed by the Indemnitors, Gray provided certain financial assistance to Wiretek in connection with the Project. A copy of the Limited Financing Agreement is attached as **Exhibit "C."**

16. The Limited Financing Agreement provides, in part, that: "1. Principal and Indemnitors hereby acknowledge their execution of the Indemnity Agreement and reaffirm their joint and several obligations and liabilities to Surety under the Indemnity Agreement."

17. Thereafter, Zahlene declared Wiretek to be in default under the Subcontract, terminated Wiretek's right to complete the Subcontract and made demand on Gray under the Performance Bond.

18. Gray has incurred, and will continue to incur, losses as a result of issuing the Bond, completing Wiretek's work under the Subcontract, and investigating, defending and responding to various claims by Zahlene under the Performance Bond. Gray has also received and is investigating a claim under the Payment Bond. As of the date of filing this Complaint, Gray has incurred a total loss of $506,804.18, including attorneys' and consultants' fees, by reason of having issued the Bond.

19. Specifically, as of the date of filing this Complaint, Gray has paid $50,000.00 in unreimbursed advances to Wiretek to perform work on the Project,

$251,367.87 in completion costs to a completion contractor to complete the Project and a material vendor for materials required for the Project, and $205,436.31 in consultants' and attorneys' fees in connection with completing the Project, claims under the Bond and enforcing the indemnitors' indemnity obligations. Gray faces additional potential liability as a resolution of claims related to the Bond have not been finally resolved, and thus also continues to incur attorneys' and consultants' fees and costs. Accordingly, its damages are continuing in nature.

20. Gray has retained the undersigned attorneys to represent it in this action and is obligated to pay these attorneys a reasonable fee for their services rendered.

21. All conditions precedent to maintaining this action have either occurred, been excused, or otherwise been waived.

## COUNT I
### (Breach of Contract/ Contractual Indemnity)

22. Gray realleges and incorporates the allegations in paragraphs 1 through 21 as if fully set forth herein.

23. Pursuant to the Indemnity Agreement and the Limited Financing Agreement, and as further described above, the Indemnitors promised to indemnify and hold Gray harmless from all loss, liability, damages and expenses which Gray incurs or sustains because of having furnished the Bond, or because of the failure of an Indemnitor to discharge any obligations under the Indemnity Agreement.

24. Furthermore, the Indemnitors promised to indemnify and hold Gray harmless from any losses, liability, damages and expenses Gray incurs in enforcing any

of the provisions of the Indemnity Agreement, pursuing the collection of any loss incurred by Gray, investigating any claim submitted under the Bond, or any other expenses related to the defense of the Bond.

25. The Indemnitors, however, failed and refused to honor these obligations as set forth in the Indemnity Agreement and Limited Financing Agreement.

26. The Indemnitors have committed various breaches and defaults of the Indemnity Agreement and the Limited Financing Agreement including, but not limited to, failing and refusing to indemnify Gray from its losses, including attorneys' fees and consultants' fees, and all liability for losses and expenses that Gray incurred relating to Bond.

27. As a result of the Indemnitors' breaches of the Indemnity Agreement and Limited Financing Agreement, Gray has incurred damages and loss in the form of payments made to claimants, attorneys' fees, consultants' fees, and other costs, and expects to continue to incur damages and fees as a result of additional claims against the Bond.

28. To date, the Indemnitors have failed and refused to indemnify Gray for any loss whatsoever.

29. Gray is entitled to an award of its attorneys' fees and costs in pursuing this claim according to the Indemnity Agreement.

WHEREFORE, Gray requests that this Court enter judgment against the Indemnitors, jointly and severally, for all losses incurred by reason of having issued the

Bond, damages, consultants' fees, attorneys' fees, prejudgment interest, costs, and such further relief as this Court deems just and proper.

Dated this 6th day of March, 2023.

/s/ *Alberta L. Adams*
Alberta L. Adams
PASKERT DIVERS THOMPSON
Fla. Bar No. 80063
Email: aadams@pdtlegal.com
100 North Tampa Street, Suite 3700
Tampa, Florida 33602
Telephone: (813) 229-3500
Facsimile: (813) 229-3502

*Attorneys for The Gray Insurance Company*